### GILES LANE v. THE STATE.

#### No. 2113.    Decided February 28, 1900.

**1. Cattle-Theft—Evidence.**

On a trial for cattle-theft, where it appeared that defendant sold to D. a bull yearling and told D. that one W. would point out the yearling to him, which W. did, and D., assisted by W., drove up and carried the animal away, it was competent for the State to prove these facts by W., who was a witness in the case.

**2. Same—Voluntary Return—Charge.**

On a trial for cattle-theft it is not error for the court to fail or omit to charge the law with reference to a voluntary return of the stolen animal where there is no evidence of such voluntary return.

**3. Same—Using an Innocent Agent.**

On a trial for cattle-theft where the defendant sold the animal to D. with the fraudulent intent to deprive the owner of the same, and D. actually took it, defendant was guilty of the taking because he used an innocent agent in consummating his purpose.

**4. Reasonable Doubt—Charge.**

Where the court omitted to insert the word "doubt" after the word "reasonable" in the charge on reasonable doubt, the omission was fully cured in another paragraph of the charge which instructed the jury that before they could convict they must find from the evidence beyond a reasonable doubt, that defendant did take the animal, etc.

**5. Cattle-Theft—Evidence Sufficient.**

See opinion for facts stated which are held to be amply sufficient to support a conviction of cattle-theft.

APPEAL from the District Court of Van Zandt. Tried below before Hon. J. G. RUSSELL.

Appeal from a conviction of cattle-theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant found with the record.

*Dave W. Wilcox* and *Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of cattle-theft.

While the witness Ward was on the stand, he was asked this question: "Did you point out to the witness Dick Downing the yearling carried away by him, and did you assist him in penning and roping said yearling?" This was objected to because no authority had been shown from defendant to said witness to point out and deliver said yearling for him (defendant), and that, in the absence of such authority, defendant would not be bound by such acts of said witness, and that such testimony was calculated to prejudice the rights of defendant, and further, in the absence of such authority such testimony would be irrelevant. The witness answered that he did go upon the range with Downing, and point out the yearling, and assist him to drive it to a pen, as well as rope it for Downing, who carried it away. This evidence was admissible. It is shown beyond controversy that defendant sold Downing a certain bull yearling, which he described, and told Downing at the time that the witness Ward would point out the yearling to him. In pursuance of this, Downing went to Ward, who pointed out the yearling; and Downing did, as stated, assisted by Ward, drive up and carry the yearling away. This justified the introduction of this testimony.

Bills of exception were reserved to paragraphs 4, 5, 10, and 11 of the charge, because said paragraphs do not state the law correctly, and, further, because the charge does not contain the law applicable to a voluntary return of stolen property. There is no evidence calling for a charge on voluntary return of stolen property. Appellant sold the animal to Downing, and sent him to Ward for the purpose of having the animal pointed out. It was pointed out by Ward, and by Downing carried away. This animal was the property of Gay, the alleged owner, who afterwards recovered it from Downing. There is no evidence, so far as this part of the case is concerned, showing that appellant was in possession of the animal after Downing obtained the possession. There is not a single element of voluntary return made by the facts. Those portions of the charge which refer to the constructive taking by appellant are favorable to him, and required the jury, before they could convict, to believe from the testimony that, although he may not have actually taken the animal, he must have been in such a position that he could have placed himself in actual possession. This is favorable to defendant. If he sold the animal to Downing with the fraudulent purpose of depriving Gay of its possession, and Downing actually took it, he then was guilty of the taking, because he used an innocent agent in consummating his purpose. Doss v. State, 21 Texas Crim. App., 505. This theory was also submitted to the jury.

The eleventh paragraph of the charge is attacked because it failed to charge on reasonable doubt. The alleged defect is found in the fact that the word "doubt" is not inserted in the charge, following the word "reasonable." This is hypercritical. Besides, the court, in paragraph 7, charged the jury that before they could convict they must find from the evidence, beyond a reasonable doubt, that defendant did take the animal, etc.

It is contended that the evidence is not sufficient to justify the conviction. We can not assent to this view of the case. The circumstances indicate with some degree of cogency that appellant took the animal originally and placed it in a pasture; that subsequently it was running with the cattle of one Ward; that defendant sold it to Downing, and informed him at that time that Ward would point out this animal to him. This was the only animal of the character running with Ward's cattle. In pursuance of this statement of defendant, Downing went to Ward, who pointed out the animal to him, and Downing took it. It is true that, some time after Downing had taken the animal, appellant told him he had gotten the wrong one. But it is shown that this was subsequent to the taking by Downing, and defendant fails to show that he had any other animal of a similar kind, except a heifer yearling. The animal he sold Downing was a bull yearling. There is no evidence in the record sustaining his theory of a mistake. The judgment is affirmed.

*Affirmed.*