### JIM WALLS v. THE STATE.

#### No. 2160. Decided May 22, 1901.

**1.—Theft of Horse—Venue of the Prosecution—Jurisdiction.**

On a trial for horse theft, where it appeared that defendant sold the animal, which ranged in both D. and H. counties, to one P., the sale being made in D. County; and P., who was the innocent agent of defendant, went the next day after his purchase into H. County and took and appropriated the animal in this latter county; Held, the venue of the offense was properly laid in H. County, and jurisdiction of the offense properly attached to the district court of H. County.

**2.—Same—Fraudulent Intent.**

When the alleged stolen animal was taken and appropriated by an innocent agent of defendant, the question of fraudulent intent at the time of the taking does not apply. Defendant's intent at the time he procured the innocent agent to take possession of the property, was sufficient to constitute his offense as theft.

Appeal from the District Court of Hopkins. Tried below before Hon. H. C. Connor.

Appeal from a conviction of horse theft; penalty, two years imprisonment in the penitentiary.

The facts, in brief, show that the taking of the alleged stolen animal was by an innocent agent, one Paris Prim, in Hopkins County.

Defendant, in Delta County, pointed out the animal to Paris Prim, claiming that it was his property, and Prim afterwards purchased the animal from defendant in Delta County, but subsequently took the animal into his posssession in Hopkins County.

*L. D. King* and *James Patterson,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State, cited: Minter v. State, 26 Texas Crim. App., 217; Doss v. State, 21 Texas Crim. App., 509; Dale v. State, 32 Texas Crim. Rep., 78; Sikes v. State, 28 S. W. Rep., 688; Berry v. State, 4 Texas Crim. App., 429; McLain Crim. Law, sec. 211.

HENDERSON, JUDGE.—Appellant was convicted of the theft of a horse, and his punishment assessed at two years confinement in the penitentiary, and prosecutes this appeal.

Appellant assigns a number of errors, but the only one that he appears to insist upon is the jurisdiction, or venue of the offense. The indictment was presented and the case prosecuted in Hopkins County. The proof did not show any actual taking by appellant in person in Hopkins County. However, it did show that the animal ran in Hopkins County and also in Delta. Appellant sold the animal to one Prim, the sale being consummated in Delta County. It appears that Prim was innocent of any knowledge that appellant had stolen or was stealing the animal in question. On the next day after the sale Prim went into Hopkins County and took and appropriated the animal he had bought from appellant the day before. Appellant requested an instruction to the effect that if the actual taking did not take place in Delta County to acquit. The court also gave an instruction to the effect that if defendant, in Delta County, sold the horse to Prim, and pointed it out on the range without taking possession of the same, but authorized Prim to take possession of it, and Prim afterwards did, in Hopkins County, take and appropriate said horse by virtue of said sale by defendant, then, and in that event, the venue was sufficiently proved to be in Hopkins County. So that the proof in connection with the requested charge and the charge given by the court presents the question of venue in every phase in which it could be presented. It appears from the proof as indicated above that Prim, the party to whom the horse was sold, and who took actual possession of same in Hopkins County, did so as the innocent agent of appellant. Prim's taking therefore, constituted appellant's taking. Penal Code, art. 77; Sikes v. State, 28 S. W. Rep., 688; 1 McClain Crim. Law, secs. 207, 211; People v. Adams, 3 Denio, 190; Commonwealth v. Hill, 11 Mass., 196; State v. Wickoff, 31 N. J., 65. The question of fraudulent intent at the time of the taking, as insisted on by appellant, does not apply. The innocent agent never had any

fraudulent intent. Appellant had the fraudulent intent when he procured his innocent agent to take possession of the property, and there is no question as to this. The charge of the court on recent possession was in accord with the decisions of this court. Wheeler v. State, 34 Texas Crim. Rep., 350. Other objections to the charge, raised in motion for new trial, are too general to call in question any particular portion of the charge. However, we have examined the charge carefully, and in our opinion it is a correct and proper charge. There being no error in the record, the judgment is affirmed.

*Affirmed.*