### G. W. FARRIS v. THE STATE.

#### No. 4624. Decided March 10, 1909.

**1.—Theft of Cattle—Charge of Court—Bill of Sale.**

It is not necessary to the transfer of title to property in prosecutions for theft of animals that there should be a bill of sale.

**2.—Same—Charge of Court—Reasonable Doubt.**

Where upon trial of theft of cattle the evidence showed that the alleged property was the property of the prosecutor and the court submitted this issue and the reasonable doubt, the same was sufficient.

**3.—Same—Charge of Court—Cattle Running on Range—Circumstantial Evidence.**

Where upon trial of theft of cattle the evidence showed that the defendant pointed out and sold the animal to the alleged purchaser as it ran upon the range, this would be a taking through the purchaser by the seller, and no charge on circumstantial evidence was necessary, the purchaser being an innocent party in the transaction. See Penal Code, article 77.

Appeal from the District Court of Grimes. Tried below before the Hon. S. W. Dean.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for cattle theft, the punishment assessed being two years confinement in the penitentiary.

The alleged purchaser testified, in substance, that he bought from appellant the head of cattle in question as well as a cow at the same time. The yearling was claimed by Hamilton. The cow and yearling

were running on the range at the time of the sale and purchase. Appellant sold the yearling to the witness as his property. The identification of the animal is sufficient as belonging to Hamilton. Appellant did not introduce any evidence. It will be observed that the witness does not testify, nor does the evidence show that appellant was in actual manual possession of the property; in fact, he seems to have sold the animal on the range and the purchasing witness subsequently took charge of it.

Appellant requested the court to instruct the jury that before the title to an animal running on the range can be conveyed there must be a bill of sale signed and acknowledged by the seller, or it must be shown that the accused had actual manual possession of the cattle at the time of the sale. This charge was refused and correctly. It is not necessary to the transfer of title to property in prosecutions for theft of animals that a bill of sale be either written or written and acknowledged.

The charge of the court is criticised because it failed to charge that if the jury should have a reasonable doubt that the animal claimed to have been sold by appellant to the purchaser was the animal claimed by Hamilton, they should acquit. The court gave a general charge on reasonable doubt, and also instructed the jury that they must find the animal belonged to Hamilton before they could convict. The charge as given under the facts of this case sufficiently presented the question referred to in appellant's exception. There seems to be, so far as the testimony is concerned, no reasonable doubt of the fact that the animal was Hamilton's. Appellant introduced no evidence at all, and all the evidence upon which the verdict was predicated was introduced by the State. This sufficiently shows that the animal appellant sold to the alleged purchaser was the animal of Hamilton, at least Hamilton so testifies, and he is uncontradicted.

It is urged that the court erred in not charging the law with reference to circumstantial evidence. The case has been sufficiently stated, in substance, and this shows substantially that appellant sold the animal to the alleged purchaser as it ran upon the range and indicates sufficiently that the animal was pointed out or identified by appellant to the purchaser at the time, and that the purchaser took up the animal under this purchase. This then is a case not of circumstantial, but of positive, evidence. If appellant pointed out and sold the animal to the alleged purchaser as it ran upon the range and the purchaser in accordance with the trade took it, this would not be a case of circumstantial evidence. This would be a taking through the purchaser by the seller. See Doss v. State, 21 Texas Crim. App., 505; Dale v. State, 32 Texas Crim. Rep., 78; Lane v. State, 41 Texas Crim. Rep., 558. Where the accused uses an innocent party to consummate a crime, if present, he would be a principal; if not present, he would still be a principal. If the seller, as in this case, was in a conspiracy with the purchaser or used him

as a guilty instrument in consummating the theft, then appellant would be an accomplice, but that question is not raised. This character of case is brought strictly within the rules prescribed by the Legislature in the Penal Code, article 77, where the following language is used: "If any one by employing a child or other persons who can not be punished to commit an offense or by any means, such as laying poison where it may be taken and with intent that it shall be taken or by preparing any other means by which a person may injure himself, and with intent that such person shall thereby be injured or by any other indirect means cause one to receive an injury to his person or property the offender by the use of such indirect means becomes a principal." Under the provisions of this article, applied to the facts, appellant would be the principal in selling the animal to the alleged purchaser, the purchaser being ignorant of appellant's fraud in the sale, the theft would be complete upon the taking in charge of the animal so sold by the purchaser.

We are of opinion there is no such error in this record as requires a reversal of the judgment, and it is affirmed.

*Affirmed.*