EX PARTE GEORGE HEARD

No. 27,281. January 5, 1955
Rehearing Denied (Without Written Opinion) February 23, 1955

*Ronald Smallwood,* San Antonio, for appellant.

*Austin F. Anderson,* Criminal District Attorney, *Anthony Nicholas, Jr.,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Appellant was convicted in the county court at law of Bexar County of the offense of misdemeanor theft. From this judgment he gave notice of appeal to this court. The judgment of conviction was affirmed (Heard v. State, 160 Texas Cr. R. 89, 267 S.W. 2d 150).

It appears that upon the trial of that case one Hubert J. Walker testified as a witness in behalf of the state. The facts to which the witness testified are sufficiently stated in the opinion aforesaid.

In the course of the testimony, the witness Walker was interrogated as to whether he had theretofore been convicted of a felony in this or any other state. His answer was in the negative.

It is now made to affirmatively appear that such testimony was false and, in truth and in fact, the witness had been convicted in April, 1952, of the offense of burglary in the district court of Upshur County, Texas, with punishment assessed at five years' confinement in the state penitentiary, "but the execution of said sentence was deferred for a period of five years, said Hubert J. Walker being placed on probation by said District Court for a period of five years."

Appellant insists that his conviction was upon false and perjured testimony and that, because thereof, it should be set aside.

In pursuance of that insistence, appellant presented to the judge of the County Court at Law No. 2, of Bexar County, Texas, his application for the writ of habeas corpus, seeking to be discharged from further liability under the judgment. The writ was granted.

Upon the hearing, the foregoing facts were developed, after which the relief prayed for by the writ of habeas corpus was denied.

This appeal is from that order.

The alleged false testimony on the part of the witness Walker was a matter that went only to his credibility as a witness. It did not have reference to any material fact touching appellant's guilt.

We are unable to agree that, under the facts stated, appellant's conviction rests in whole or in part upon false and perjured testimony.

The judgment is affirmed.