[Crim. No. 6527. Second Dist., Div. One. Dec. 30, 1959.]

THE PEOPLE, Respondent, v. LYNNE DUANE BURNETT, Appellant.

Lynne Duane Burnett, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

WOOD, P. J.—Defendant was accused of the crimes of robbery (count 1) and of kidnaping for the purpose of robbery (count 2). Trial by jury was waived. Defendant was adjudged guilty on both counts. It was found that the rob-

bery was of the first degree, and that the kidnaping was without bodily harm. Defendant's motion for a new trial was denied. He appeals from the judgment.

Appellant asserts that the evidence was not sufficient to support the judgment.

Mr. Markland, a witness called by the People, testified in substance as follows: On March 19, 1958, about 4:25 a.m., while he was clerking in a hotel at 814 South Hope Street in Los Angeles, the defendant and another man came to the hotel counter, and the defendant asked if rooms were available. When Mr. Markland turned to get a key, the defendant put a pocket knife blade against Mr. Markland's stomach and told the other man "to get it." Then, while the other man walked back of Markland, the defendant stood at the counter in front of Markland "with the knife just picking at" Markland's shirt. Defendant asked the other man how much he got. The man replied in muffled voice, and Markland did not understand the statement. The defendant told Markland that they would cut him to pieces, and that there was more money there and to come up with it. Then they took Markland to the lobby and put him in a chair. A necktie, which Markland was wearing around his neck, was "cut off" by defendant. While the men were attempting to tie Markland's feet, a truck came to the front of the hotel, and Markland said that two garbage men would be coming in the front door. Defendant took Markland "by the arm back to the men's washroom." During that time defendant still had the knife and he made Markland lie down. He tied one of Markland's wrists and started to tie the other wrist. He walked Markland out of the washroom and "back up the hall with his hands around" Markland's eyes. During that time, while Markland was walking over a flight of steps he broke his ankle and instep. Defendant put Markland in an elevator (on the first floor), and asked him if the woman at the hotel next door was there all night. Defendant said that Markland would have to go with them so that they could get into that hotel. Then defendant told him to stay in the elevator and not to turn around. About three minutes after defendant went out of the elevator, Markland pushed the elevator button and went to the second floor, got out of the elevator, and went down the back stairway. When he went to the front of the hotel the men were gone. Then he checked the cash in the office.

On direct examination, Markland was asked how much cash was missing. He replied, "Thirteen dollars and forty-five or

fifty cents left.'' On cross-examination he was asked if he recalled what ''denomination bills'' were missing. He replied, ''I can give you that. I think everything were one dollar bills and silver.''

A police officer testified that about 5 a. m. on said March 19th, he saw defendant approach the hotel next door to 814 South Hope Street, and saw that the woman at the door would not let him in. The officer (witness) and another officer talked to the defendant, and while defendant was in the police car, they heard a report of a robbery at 814 South Hope Street. They took defendant to that address, and at that time they saw Markland. At that place they searched defendant and found, in his coat pocket, the necktie and tie clasp which had been taken from Markland.

Defendant testified as follows: On said March 19th, about 5 a. m., he was in the vicinity of 814 and 818 South Hope Street because he had lived in a hotel there on Hope Street for approximately eight months. He had not been in the hotel at 814 South Hope Street in the past two years and had not been there on the morning of said March 19th prior to going there with the officers. He did not have a knife in his possession and he had not been with another man that morning. The tie clasp, which was in his pocket, had been found by him on the sidewalk between the two hotels. He did not hold a knife on Markland, and he did not commit a robbery at the hotel at 814 South Hope Street. He had been convicted of violating the Dyer Act, a felony.

Appellant argues to the effect that robbery was not proved in that the victim, when asked how much money was missing, testified: ''Thirteen dollars and forty-five or fifty cents left.'' The point of the argument seems to be that the answer of the witness, wherein he stated how much money was ''left,'' raises a doubt as to whether any money was taken. It is to be noted, however, that on cross-examination the witness said that ''one dollar bills and silver'' were missing. ''Robbery is the felonious taking of personal property in the possession of another, from his person, or immediate presence, and against his will, accomplished by means of force or fear.'' (Pen. Code, § 211.) The evidence was sufficient to prove that money was taken. The testimony does not show that appellant actually took the money, but it does show that he told the other man, who went behind the counter, ''to get it,'' and that later the appellant asked the other man how much he got. Also, there was testimony that appellant

told Markland that more money was there, and to come up with it. In *People* v. *Wellman*, 141 Cal.App.2d 101 [296 P.2d 82], it was said (p. 104) that it would be an unreasonable construction of the statute "to interpret it as necessarily requiring the taking of the stolen propery into the hands of the one committing the robbery." The evidence was sufficient to prove that there was a taking of money from Markland's possession and immediate presence. Furthermore, there was evidence that the necktie and tie clasp, which were on Markland's person, were taken by appellant and that later those articles were found in appellant's pocket.

■ With reference to the charge of kidnaping, appellant argues that Markland's testimony that he broke his ankle and instep, and thereafter walked down the back stairway, raises a doubt as to Markland's credibility. Appellant asserts further that since there was no statement in the record indicating that Markland had suffered any discomfort as a result of the foot injury, there was a doubt as to Markland's testimony regarding the kidnaping. The question as to the credibility of the witness was a question of fact for the determination of the trial court. The evidence was legally sufficient to support the conviction of kidnaping for the purpose of robbery. It could have been inferred from the evidence that appellant took Markland from the lobby to the washroom and to the elevator for the purpose of proceeding further with robbery at that hotel or for the purpose of using Markland as an assistant in attempting to commit robbery at the hotel next door.

The evidence was sufficient to support the judgment of conviction as to both counts.

The judgment is affirmed.

Fourt, J., and Shea, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.