**Almon MORGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39259.**

Court of Criminal Appeals of Texas.

Feb. 23, 1966.

No attorney of record on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

**McDONALD, Presiding Judge.**

The offense is burglary; the punishment, six years in the penitentiary.

Appellant was arrested in a warehouse belonging to Montag, Incorporated in Terrell, Kaufman County, Texas, at about 6:45 p. m. on January 30, 1965, and the record of his trial discloses the following facts.

Imogine Everett testified that she saw an unidentified man on top of the Montag Corporation building, near which she lived, and she notified her son, who was employed by that firm. He in turn telephoned his "boss", Mr. Bob Karr, who was shown to be the plant manager.

Mr. Karr testified that he arrived at the plant at about 6:15 and investigated the outside of the building without incident. He then entered the building, and during his search he caught a glimpse of the intruder, whom he unsuccessfully tried to apprehend, but who disappeared through a window into the warehouse section of the building. Mr. Karr then had an employee guard the only door into that part of the building while he called the police.

In a subsequent search of the large warehouse by law enforcement officers, appellant was located hiding among supplies and equipment, and in the process of his capture he was shot in the leg. The record shows that appellant was carrying a knife in his pocket, but was otherwise unarmed.

A brick was found outside the building by an open window, which had been broken in such a manner as to allow a person to reach inside and unlatch it. Mr. Karr testified that the window was not connected to the burglar alarm circuit used at the plant. He further testified that he knew of no way appellant could have entered the building except through the window, as the alarm system, which was connected to all openings to the building with the exception of these windows, had been activated at all times that day (Saturday), and he had secured the warehouse for the weekend the day before. No alarm had sounded. He stated that he did not give appellant or anyone permission to break the window or to enter the building.

The record further shows that a metal filing cabinet in one of the offices in the building had been forced open and damaged, but nothing was found to be missing.

■ The evidence is sufficient to sustain the conviction.

■ Appellant by formal bill of exception contends the trial court erred in overruling his motion to quash the indictment because the members of the grand jury returning this indictment during the February term of 1965 were shown to have been selected by jury commissioners at the July term, 1965. Appellant contends that this is impossible and contrary to law. The trial judge approved appellant's bill with the qualifications approved by appellant's counsel that "the envelope in which the 'list of grand jurors selected' was sealed and contained was introduced in evidence bearing the following writing 'The List of Grand Jurors for the Feb. term, 1965 Selected at July term, 1964 * * *.'" From the record it does not appear that there was a transgression of Arts. 333–341, Vernon's Ann.C.C.P. which are the statutory requirements for the selection of the grand jurors returning the indictment.

■ It is contended that there is a fatal variance between the allegation of ownership and the proof, in that the indictment alleged that the property was occupied and controlled by Bob Karr, while the proof does not support this allegation. We do not agree. The proof shows that Mr. Karr was the Plant Manager and in charge and control of the building. There was also evidence that a Mr. McRoberts was a division manager of the corporation, and also that there was an office manager at the plant, and that none of these people actually owned any of the property involved.

In Dean v. State, 165 Tex.Cr.R. 417, 308 S.W.2d 501, the conviction was for theft of liquid petroleum gas. This Court, in overruling a contention similar to the one made herein, held that it was proper to allege ownership in the district superintendent, supervisor, foreman, or plant superintendent. See also Ritchie v. State, 171 Tex.Cr.R. 51, 344 S.W.2d 878; Ligon v. State, 170 Tex.Cr.R. 632, 344 S.W.2d 168. The evidence here establishes that Bob Karr exercised actual control and management of the property involved.

Finding no reversible error, the judgment is affirmed.