Thomas WALLING, Appellant,

v.

The STATE of Texas, Appellee.

No. 41875.

Court of Criminal Appeals of Texas.

Feb. 19, 1969.

John H. Green, Odessa, for appellant.

Jack Tidwell, Dist. Atty., Bruce Bangert, Asst. Dist. Atty., Odessa, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is felony theft; the punishment, assessed by the jury, 10 years' confinement in the Texas Department of Corrections.

Appellant does not challenge the sufficiency of the evidence to sustain this conviction. Therefore, we deem it unnecessary to recite the facts.

Initially, appellant claims a fatal variance exists between the allegation in the indictment and the proof as to the ownership of the property taken.

Appellant contends the evidence reflects that the four copper bars stolen were the property of United Concrete Pipe, a corporation, and that one Billy Whiddon had actual care, custody and control of the stolen property, not Jim Watts as alleged in the indictment.

The fact that the true owner was the corporation, United Concrete Pipe, is not disputed.

Watts testified he was plant manager for said corporation in Ector County and highest ranking employee in the Odessa area. He related that the entire plant facility from which the copper bars were taken, including all fixtures and machinery, was under his direct care, custody and control; that it was his responsibility to order additional copper bars when needed. He did admit that the copper bars in question had been under the immediate control of Billy Whiddon, a shop foreman, in the daily business at the plant.

It appears appellant overlooks the provisions of Article 21.08, Vernon's Ann.C.C.P., which provides in part:

"Where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either. Where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them. * * *"

■ The provisions of Article 21.08, supra, as to ownership apply alike to special owners as well as general owners, Bebout v. State, Tex.Cr.App., 418 S.W.2d 685, and is also applicable to corporations. Porter v. State, 172 Tex.Cr.R. 366, 357 S.W.2d 401; 5 Branch's Anno.P.C., 2d ed., § 2621, p. 69.

■ Further, the better rule of pleading in charging theft of property owned by a corporation is to allege both ownership and possession in a natural person acting for the corporation. Osborne v. State, 93 Tex. Cr.R. 54, 245 S.W. 928; 5 Branch's Anno. P.C., 2d ed., § 2626, p. 72.

In Dean v. State, 165 Tex.Cr.R. 417, 308 S.W.2d 501, where the State's proof showed both the superintendent and foreman of a company exercised actual control, care and management of liquid petroleum gas, it was held proper to allege ownership in either the foreman or superintendent. See also Morgan v. State, Tex.Cr.App., 399 S.W.2d 363.

The claim of variance is without merit. The evidence here establishes that Jim Watts exercised actual control and management of the property involved.

Ground of error #1 is overruled.

■ Next appellant contends the State failed to establish the value of the stolen property.

Watts testified that the four copper bars had a market value of approximately $200.-00 in that each of the copper bars weighed about 100 pounds and copper was worth (at time of theft) approximately 50 cents a pound; that the bars taken were certainly worth over $50.00 (as alleged). Kenneth Crozier testified that immediately after the theft he purchased copper bars from the appellant for $96.60 and sold the same copper shortly thereafter for 50 cents a pound.

Ground of error #2 is overruled. Welch v. State, 170 Tex.Cr.R. 425, 341 S.W.2d 909.

■ In his third ground of error appellant contends the trial court erred in admitting his confession into evidence. Specifically, appellant complains he was not sufficiently apprised of his right to appointed counsel prior to and during his questioning.

The record reflects that on February 8, 1968, this 47-year-old appellant with previous felony convictions in the states of New York, Tennessee and Florida was taken before a magistrate and properly warned under the provisions of Article 15.-17, V.A.C.C.P., as amended, 1967. He ac-

knowledged in writing that he had been so warned and stated to the magistrate he understood his rights. On February 15, 1968, he was again warned of his rights by Deputy Sheriff Reeves. Said warning complied with the provisions of Article 38.22, V.A.C.C.P., and the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and specifically included the right to appointed counsel if indigent prior to and during questioning, the right to terminate the interview, etc. Thereafter appellant stated he wanted to give a statement and Deputy Sheriff Hudman was summoned.

Hudman testified he responded to the call from the jail; that his investigation of the case was completed and he did not think a confession was necessary but took a statement since appellant indicated his desire to give one; that prior to taking the statement he orally warned appellant of his rights; that after the statement was reduced to writing appellant read the statement and signed the same, initialing each paragraph, including the warning and the express waiver of counsel.[1]

After a hearing in the absence of the jury, at which the appellant testified, the trial judge found the confession to have been freely and voluntarily made and entered his findings of facts and conclusions of law. The record supports his findings.

Ground of error #3 is overruled. See Gunter v. State, Tex.Cr.App., 421 S.W.2d 657; Torres v. State, Tex.Cr.App., 422 S. W.2d 741; McCandless v. State, Tex.Cr. App., 425 S.W.2d 636; Anders v. State, Tex.Cr.App., 426 S.W.2d 228.

■ The most serious question presented is contained in appellant's ground of error #4. There he contends the trial court erred in admitting into the evidence at the penalty stage of the proceeding prior convictions at which he was not represented by counsel. These prior convictions, not alleged for enhancement of punishment, were offered as part of appellant's prior criminal record. See Article 37.07, V.A.C. C.P.

In the absence of the jury appellant testified he had not been represented by counsel at the time of any of his convictions, and instruments subsequently offered to prove such convictions are silent as to counsel. It is observed, however, that appellant did not testify that at the time of any of such convictions he was indigent and unable to secure counsel or that he was deprived of securing counsel in any manner. He does not even now advance such claim. We have only recently held that for one to secure a favorable ruling under Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed. 2d 319, it is necessary that a showing of indigency be made. Johnson v. State, Tex. Cr.App., 432 S.W.2d 98.

Ground of error #4 is overruled.

■ Lastly, appellant complains that the court failed to charge the jury on the issue of the confession's voluntariness. First, we

---

1. The written confession reflects the following warning and waiver:

"I, Thomas Henry Walling have been duly warned by Floyd C. Hudman, Jr., Deputy Sheriff, the person to whom this statement is made, of the crime I am charged with, and, that I have the right to have a lawyer present to advise me before any questioning and during any questioning, and that I have the right to have a lawyer appointed to counsel with me before and during any questioning if I am unable to hire a lawyer, and, that I have the right to say nothing, that I do not have to make any statement at all, and that any statement made by me may be used in evidence against me at my trial.

"I hereby voluntarily waive these rights, knowing and understanding their meaning, and what they entitle me to, before and during the making of this statement.

"Nobody has mistreated, threatened, or forced me in any way to make this statement, and nobody gave me anything or promised me anything to make this statement. I do not want to talk to a lawyer before making this statement and I wish to make the following statement of my own free will; * * * "

doubt if the evidence *offered before the jury* raised the issue of voluntariness. If it did, we observe that no objections or special requested charges in writing were presented to the court prior to the reading of the charge to the jury in accordance with Articles 36.14 and 36.15, V.A.C.C.P. It is not sufficient that such objections or requested charges be dictated to the court reporter for inclusion in the transcription of his notes. Smith v. State, Tex.Cr.App., 415 S.W.2d 206; Seefurth v. State, Tex. Cr.App., 422 S.W.2d 931.

Ground of error #5 is overruled.

Finding no reversible error, the judgment is affirmed.

DOUGLAS, J., not participating.