[Crim. No. 20566. Second Dist., Div. Four. May 16, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL ANTHONY PRICE, Defendant and Appellant.

---

---

## COUNSEL

William H. Ginsburg, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Russell Iungerich and Alan G. Novodor, Deputy Attorneys General, for Plaintiff and Respondent.

---

## OPINION

**KINGSLEY, J.**—Defendant was charged with kidnaping for the purpose of robbery (Pen. Code, § 209), and robbery (Pen. Code, § 211). It was alleged that he was armed with a deadly weapon at the time of the commission of the offenses. Defendant pled not guilty. His motion to dismiss under section 1382, subdivision 2 of the Penal Code was denied. The jury found defendant not guilty of kidnaping for the purposes of robbery, but found him guilty of false imprisonment (Pen. Code, § 236), and robbery (first degree). The jury found defendant to be armed. Defendant was sentenced for the term prescribed by law.

### FACTS

When Mr. Johnson arrived in the parking lot of his office, defendant and another man got in Mr. Johnson's car. Defendant had a .38 caliber revolver. They told Mr. Johnson to drive to his bank and withdraw $20,000, telling him that they had a man with his wife and if they did not get the money in 15 minutes she would be hurt. Mr. Johnson drove to the bank where he and defendant entered while the third person remained in the car.

Mr. Johnson withdrew the $20,000 and the teller gave him a sack for the money. Two police officers saw defendant and Mr. Johnson in line. Defendant and Mr. Johnson appeared nervous. Defendant had a raincoat

over his arm and it was pointed in Mr. Johnson's direction. Since it was a sunny day Officer Ryan concluded defendant had a gun. Officer Ryan left the bank and defendant and Mr. Johnson came out. Mr. Johnson was holding a white bag and he either passed or attempted to pass the white bag to defendant. Officer Ryan told defendant to raise his hands.

Defendant denied making the plans for the robbery and he denied threatening Mr. Johnson, but he did not deny the factual allegations made by the People.

■ Defendant's only contention is that the court erred in refusing to instruct the jury on attempted robbery. Defendant argues that, since, under some of the evidence, the bag of money never passed from the victim's possession into defendant's possession, the People did not prove asportation or possession by defendant, and at most defendant was guilty of attempted robbery.

Defendant's contention was settled in *People* v. *Martinez* (1969) 274 Cal.App.2d 170 [79 Cal.Rptr. 18]. Defendant in *Martinez* argued that, although there was evidence of an attempted robbery, there was no evidence of a completed robbery because there was no showing of asportation or taking by the defendant. Defendant alleged that the money never left the victim's hands. The *Martinez* court said that, although the defendant and his companion did not have physical possession of the service station's money, "The evidence provided a reasonable inference that Currin, [the victim] at gunpoint, had been forced to take the money from the cash box and place it in a paper sack." The court found that this act of the victim constituted asportation by defendant, stating that, "Robbery does not necessarily entail the robber's manual possession of the loot. It is sufficient if he acquired dominion over it, though the distance of movement is very small and the property is moved by a person acting under the robber's control, including the victim."

Defendant argues that the rule of the *Martinez* case does not apply to the case before us, on the ground that *Martinez* arose on review of whether the jury verdict was supported by sufficient evidence and the instant case involves jury instructions. Although the *Martinez* case did involve sufficiency of the evidence, the case does state a general rule of law on what conduct constitutes "asportation" by a defendant in order to find a completed crime of robbery. Assuming that *Martinez* states a correct proposition of law as to what constitutes asportation and possession by defendant in order to find the completed crime of robbery, that rule of law should be applicable in determining what are correct jury instructions.

In the instant case, it is undisputed that the victim moved the property

from the point of its delivery to him by the bank teller until he and defendant had reached the bank door, all under defendant's dominion and control. Whether the property had actually been handed to defendant is, under these circumstances, immaterial. If defendant was guilty of any crime at all, he was guilty of a completed robbery and not of an attempt. The trial court properly refused to submit to the jury the immaterial issue of who held the bag when Officer Ryan intervened and properly refused to instruct on attempt.

Defendant argues that the *Martinez* court unnecessarily extended the doctrine of the cases it relied on, in that the court could have "supported an inference that the defendant, not the victim, had taken the money from the cash box and brought the paper sack to the station office." We do not have the evidence in that case before us, but we do know that the court did make an inference that Currin, the victim, and not the defendant, took the money from the sack. We will not speculate on what other inferences the court could have made.

Defendant argues that *Martinez* does not correctly state the law of this state. *Martinez* has never been overruled and its reasoning is not inconsistent with the reasoning of those cases it relies upon.[1] Furthermore, the law in other states is in accord with *Martinez*.[2] People v. *Alexander* (1969) 17 Mich.App. 30 [169 N.W.2d 190], is directly in point. In the *Alexander* case the defendant was convicted of armed robbery. He alleged that he never asported the money since the money never left the hands of the victim. The court discussed the function of the asportation requirement, stating that the *function of the asportation requirement was to demonstrate that the offense had passed the attempt stage and was a completed crime.* The court held that the action of a gas station attendant, in placing the money in a bag on order of the defendant, supplied the asportation necessary to obtain the robbery conviction even though the defendant never reduced the money to his physical possession.

---

[1]The court relies on *People* v. *Burnett* (1959) 176 Cal.App.2d 787 [1 Cal.Rptr. 765]; *People* v. *Wellman* (1956) 141 Cal.App.2d 101 [296 P.2d 82]; and *People* v. *Quinn* (1947) 77 Cal.App.2d 734 [176 P.2d 404]. In *Quinn* and *Wellman* there was a showing of the touching of property by defendant, and therefore the facts in *Martinez* are distinguishable from those two cases. Nevertheless, those two cases state the rule that taking of possession from the victim by the robber does not require that the taking be done by the hands of the robber. The *Burnett* case involved a taking of property by another man who entered with defendant and acted under defendant's direction. That case also states the rule that the stolen property need not pass into the hands of the one committing the robbery.

[2]For a discussion of asportation in larceny cases in other states, see *State* v. *Rozeboom* (1910) 145 Iowa 620 [124 N.W. 783]; *Farris* v. *State* (1909) 55 Tex.Crim. 481 [117 S.W. 798]; *Heard* v. *State* (1954) 160 Tex.Crim. 88 [267 S.W.2d 150].

Nothing in the case of *People* v. *Carroll* (1970) 1 Cal.3d 581 [83 Cal. Rptr. 176, 463 P.2d 400], negates what we have said here. Although the court said that the crime of robbery is not "complete" until the robber has won his way to a place of temporary safety, the question before that court was whether defendant inflicted great bodily injury on the victim *during* the commission of the robbery of the victim. Since defendant in *Carroll* was not in a place of temporary safety at the time he shot the victim, the robbery of the victim was not completed at the time of the shooting and therefore the shooting had occurred during the commission of the robbery. Thus, the *Carroll* court used the term "completed" in the sense of "terminated," and was discussing a problem distinguishable from the one before us.

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.

On June 5, 1972, the opinion was modified to read as printed above.