In the Matter of C. E. H.

No. 8237.

Court of Civil Appeals of Texas,
Texarkana.

Nov. 5, 1974.

Lynn S. Patton, Longview, for appellant.

Ralph Prince, Dist. Atty., Longview, for appellee.

CORNELIUS, Justice.

C.E.H., a juvenile, appeals from adjudication and disposition orders which found that he had engaged in delinquent conduct, and which committed him to the care and control of the Texas Youth Council. The orders were made by the Gregg County Domestic Relations Court sitting as the Juvenile Court, upon a petition which alleged that C.E.H. unlawfully removed goods under the value of $50.00 from the Kroger Family Center, with the intent to appropriate the goods to his own benefit and to deprive the owner of the value thereof.

In his first point of error appellant contends that there is a fatal variance between the adjudication order and the pleadings, in that the petition alleged the taking of goods ". . . under the value of $50.00 . . . ," but the adjudication order found that C.E.H. ". . . engaged in delinquent conduct, to-wit: shoplifting over the value of $5.00 and less than the value of $200.00." The use of the quoted language in the adjudication order was apparently an attempt to conform it to our newly enacted penal code which became effective *after* the commission of the alleged delinquent conduct, but prior to the adjudication hearing. The alleged delinquent conduct occurred on November 21, 1973, when shoplifting was covered by Article 1436e, Vernon's Anno.Tex.Penal Code, which provided that the taking of property of a value less than $50.00 would be misdemeanor theft, punishable by imprisonment in the county jail not exceeding two years and by fine not exceeding one thousand dollars ($1,000.00). When the adjudication hearing was held, Section 31.03, V.T.C.A., of the new penal code covered shoplifting and it provided for three classes of misdemeanors: Class C for property under $5.00;

class B for property over $5.00 but under $20.00; and Class A for property over $20.00 but under $200.00. Class C misdemeanors are punishable by fine only. Class A and Class B misdemeanors are punishable by fine or confinement in jail, or both.

■ It was error for the adjudication order to describe appellant's delinquent conduct in terms of the new statute rather than as alleged in the petition and as described by Article 1436e, which article was in existence when the acts occurred, but the error was harmless, and may be corrected by merely reforming the judgment.

The enacting provision of the new penal code provides in part as follows:

". . . this Act applies only to offenses committed on or after its effective date, and a criminal action for an offense committed before this Act's effective date *is governed by the law existing before the effective date, which law is continued in effect for this purpose, as if this Act were not in force."* (Emphasis supplied)

Since appellant's conduct occurred prior to the effective date of the new penal code, proceedings based upon such conduct were to be governed not by Section 31.03 of the new penal code, but by Article 1436e of the former code, *as if the new code were not in force.* Although the new code provides that one who committed a crime when the former code was in force, but who was tried and convicted after the new code became effective may elect to be *punished* according to the new code, this did not apply to appellant. As a juvenile, appellant is not subject to *punishment* provided by the penal code. His "disposition" is determined by the Tex.Family Code, which was in effect both when his acts were committed and when the adjudication and disposition hearings were held. That code provides that a juvenile may be committed to the care of the Texas Youth Council if

he has engaged in "delinquent conduct." Delinquent conduct is defined as including the violation of a penal law of this state, punishable by confinement in jail. Article 1436e (which, as to appellant, was continued in force as though the new penal code had never been enacted) provided that theft of personal property under the value of $50.00 was an offense punishable by confinement in jail. A violation of that article therefore constituted "delinquent conduct" under the Family Code. Consequently, the adjudication order should have found that appellant had engaged in the acts alleged in the petition. Appellant was not harmed by this irregularity, however. There was no variance between the act charged and the one proved, and since the act was punishable by confinement in jail under both the old and the new penal codes, it would constitute "delinquent conduct" under the Family Code in either event. The adjudication order will therefore be reformed to provide that appellant was found to have engaged in the conduct charged in the petition. See Brim v. State, 379 S.W.2d 664 (Tex.Crim.App.1964); Rule 435, Vernon's Anno.Texas Rules of Civil Procedure.

■ Appellant also challenges the sufficiency of the proof, asserting that Anderson v. State, 166 Tex.Cr.R. 337, 314 S.W. 2d 603 (1958); Pitcock v. State, 367 S.W. 2d 864 (Tex.Crim.App.1963); and Pena v. State, 422 S.W.2d 937 (Tex.Crim.App. 1967) require that each specific item of property and its value be proved. Those cases are distinguished. The rule followed there applies only when the charge is theft of specific items having an aggregate value of *more* than a certain sum, where those items are not of uniform value, and their individual values are not alleged. When the charge is theft of property *under* the value of $50.00, proof that the accused took one item is sufficient. Perry v. State, 442 S.W.2d 741 (Tex.Crim.App. 1969) and cases there cited. Concerning proof of value in the instant case, the petition alleged a value of *under $50.00* but the proof showed a value of *over $50.00*. This did not constitute a fatal variance, however. Even in a criminal trial, proof of a value authorizing a conviction for felony theft is not such a variance as will defeat a conviction upon a charge of misdemeanor theft. Heard v. State, 160 Tex.Cr.R. 88, 267 S.W.2d 150 (1954). Additionally, since both misdemeanor and felony theft may constitute "delinquent conduct" under the Family Code, and once such delinquent conduct is found, the disposition of the juvenile as a result of such conduct does not depend upon the value of the property taken, the appellant could not have been harmed by proof of a greater value than was alleged.

In point of error No. 2 the appellant urges that the court improperly proceeded with the adjudication and disposition hearings because his guardian ad litem had not been served with summons as required by Article 53.06, Vernon's Anno.Tex.Stat. Family Code. The record shows that the Honorable Lynn Patton, an attorney of the Gregg County Bar, was appointed attorney for appellant as well as his guardian ad litem, and that the appointment was made more than ten days prior to the hearings. Mr. Patton was present and participated in both hearings. He announced ready for trial and assured the court that all other parties required to be served had been properly served with summons. Appellant had also been properly served and was present in court.

■ Appellant contends that, even though Mr. Patton voluntarily appeared and announced ready for trial as attorney ad litem, it was still necessary that he be served with process in his capacity as guardian ad litem. We cannot accept this contention. Section 53.06, Vernon's Anno. Tex.Stat., Family Code provides that summons shall be served upon certain persons, including the child's guardian ad litem, but it also provides in Section e thereof, that

any party except the child may waive service of summons by a voluntary appearance at the hearing. Section 51.11(c) of that code provides that the attorney for the child may also serve as his guardian ad litem. To hold that a person acting in such a dual role may voluntarily appear at the hearing and participate therein as the child's attorney, and yet not be before the court in his capacity as guardian ad litem, would be to place an unreasonably technical interpretation upon the requirements for summons, and would appear to be contrary to the intent of Section 51.11(c). Point of error No. 2 is respectfully overruled.

In point of error No. 3 the appellant contends that the evidence was insufficient to support the rulings of the court. This point is overruled. We have carefully reviewed the record and the statement of facts, and we find that the evidence was sufficient to support the court's rulings.

As reformed, the judgment of the trial court is affirmed.