PEOPLE v. BECKER.

CRIMINAL LAW—ROBBERY ARMED—ACCESSORIES—INSTRUCTIONS.
In prosecution for robbery armed, where crime was admittedly planned and committed, defendant is shown to have driven one of the participants to vicinity of store and waited in the car for assisting in making of getaway, instruction to jury in substance that if defendant had counseled commission of the crime subsequently committed he was liable to conviction as a principal *held*, not misleading or erroneous (3 Comp. Laws 1929, § 17253; Act No. 328, § 529, Pub. Acts 1931).

Appeal from Wayne; Brennan (John V.), J., presiding. Submitted June 13, 1940. (Docket No. 94, Calendar No. 41,001.) Decided October 7, 1940.

Samuel Becker was convicted of robbery armed. Affirmed.

*Edward N. Barnard,* for appellant.

*Thomas Read,* Attorney General, *Duncan C. McCrea,* Prosecuting Attorney, *William L. Brunner* and *Allen J. Asam,* Assistant Prosecuting Attorneys, for the people.

NORTH, J. Defendant has appealed from a sentence imposed upon conviction of the crime of robbery while armed. Michigan penal code (Act No. 328, § 529, Pub. Acts 1931 [Comp. Laws Supp. 1940, § 17115-529, Stat. Ann. § 28.797]). About 9 o'clock on the night of May 27, 1939, three men, two of whom carried guns, robbed a jewelry store owned by Joseph Moross in Detroit. Testimony on behalf of the people was to the effect that about 8 o'clock on

the night of May 27, 1939, defendant and a companion met two colored men in the city of Highland Park, Wayne county; that defendant then explained the details of the proposed robbery, and that he and his companion, followed by the two colored men in a second automobile, drove past the store which was to be robbed to a point about two blocks away; that there defendant parked his car and his companion transferred to the second car and in company with the two colored men went to Moross' jewelry store and committed the robbery; that the three men then returned to the place where defendant's car was parked and defendant's companion got into defendant's car.

Defendant was arrested June 9, 1939. Later he was tried, convicted and sentenced in the recorder's court of the city of Detroit. In part appellant's defense was an alibi. He produced witnesses who testified that he had been working in his father's printing establishment at the time of the robbery and for several hours both before and after that time. The only error urged on this appeal is to that portion of the trial judge's charge to the jury which reads as follows:

"Now, ladies and gentlemen, the court has already said to you he would instruct you more particularly with reference to what is known as an unlawful agreement or conspiracy between two or more persons to commit a crime, a felony. The rule is as follows: Where two or more persons conspire together to commit a felony, and the charge here is a felony, the act of one is the act of each and every other as long as each one stays within the scope of the agreement. Now that agreement or conspiracy need not be in writing; it does not need to be talked over, even, if it is understood, and each one understands the part he is to take in the commission of

the felony, or does any physical part or act towards the perpetration of the crime. In other words, the testimony, as you have it here before you, there is testimony there were different persons in this alleged robbery of the jewelry store, and that some of them have confessed to it; that another has pleaded guilty to this particular crime in court.

"This defendant, by his alibi, denies he had anything to do with it, and says he was not there. So you are to determine, ladies and gentlemen, whether or not he did have anything to do with it, did participate in the plan, or the carrying out of the alleged offense. Let the court illustrate that in this way: Supposing 'A' and 'B' plan to rob a bank—and the court is giving you the illustration, only so as to aid you in understanding the law—and 'A' picks out the place and says to 'B,' the 'bank is at such and such a place, you can rob it, I think, if you go there at a certain time.' He lays the plan out, and 'B' goes to the bank armed, and 'A' sits at home unarmed, and 'B' carries out the plan as agreed between the two; 'A' who remains at home is equally guilty of robbery armed, as if he had been present with 'B' at the time of the actual robbery of the bank. That is the rule of law, ladies and gentlemen, in a conspiracy or unlawful agreement to commit a felony. Every person participating in the transaction is responsible for his own act, and the act of each and every other person in the alleged conspiracy as long as each one stays within the scope of the agreement. That is the rule of law."

Appellant maintains that under this charge, the jury could have found that he had only conspired to commit the crime, and that although he had taken no part in it, and had not counseled, encouraged, or urged its commission, he was nevertheless guilty of the crime charged. Appellant contends that he is guilty of the crime of conspiracy, if anything, and of nothing else. He says in his brief:

"After proof of the actual crime being committed by others, 'to hold defendant an accessory before the fact, it was essential to establish he counseled, encouraged or urged them to commit or in some way aided in the commission of the offense; and that he was not present at its commission.' *People* v. *Owen,* 241 Mich. 111, 115. This is a different thing from merely agreeing with others to commit the crime, which the court charged would be sufficient to sustain a conviction of the crime planned to commit. He could agree without having 'counseled, encouraged or urged' a conspirator certainly is not an accessory."

Assuming, but not deciding, that appellant's distinction is sustainable in point of law; nevertheless, the charge of the trial judge was not prejudicial to the rights of appellant. In the instant case the crime admittedly was not only planned but was in fact committed. And defendant drove with one of the participants to the vicinity of the store and waited there in his automobile for the obvious purpose of assisting in the getaway. 3 Comp. Laws 1929, § 17253 (Stat. Ann. § 28.979), reads:

"SEC. 39. Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids or abets in its commission may thereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense."

The portion of the charge of the circuit judge above quoted is not misleading. While the trial judge might possibly better have specifically instructed the jury as to the law governing defendant's guilt as a principal under the statute above quoted in consequence of his having counseled or abetted in the commission of the crime, in effect that is what he did. We think it is clear that the example

or illustration given to the jury of the meaning the trial judge was attempting to convey by his charge shows that he therein had reference to the counseling of a crime and the commission of the crime in accordance therewith. The portion of the charge to the jury to which objection is made amounted to no more, under the facts of this case, than charging the jury that, if defendant had counseled commission of this crime subsequently committed, he was liable to prosecution and conviction as a principal. There was no error in so charging. The conviction and sentence imposed are affirmed.

BUSHNELL, C. J., and SHARPE, CHANDLER, McALLISTER, WIEST, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.