## PEOPLE v. ROYCE ALEXANDER

1. ROBBERY—DEFINITION.

  Robbery is larceny committed by violence or putting the victim in fear.

2. LARCENY—ELEMENTS.

  Asportation is a necessary element of larceny.

3. LARCENY—ELEMENTS—ASPORTATION.

  The asportation that is a necessary element of larceny need not be effectuated by the perpetrator of the crime; it may be accomplished by a confederate or an innocent agent acting on behalf of the perpetrator of the crime.

4. ROBBERY—LARCENY—ELEMENTS—ASPORTATION.

  Any movement of the goods in question is sufficient to constitute the asportation necessary to the offense of larceny; therefore movement of the goods by a victim under the direction of defendant, who is armed, may be imputed to the defendant so as to supply the necessary asportation to constitute larceny, and since the larceny is the result of the victim being put in fear by the defendant, the defendant is guilty of robbery.

Appeal from Berrien, Chester J. Byrns, J. Submitted Division 3 February 12, 1969, at Grand Rapids. (Docket No. 4,004.) Decided April 22, 1969.

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur, Robbery § 2.
[2] 32 Am Jur, Larceny § 16.
  What amounts to asportation which will support charge of larceny. 19 ALR 725, 144 ALR 1383.
[3, 4] 32 Am Jur, Larceny § 17.
  What amounts to asportation which will support charge of larceny. 19 ALR 725, 144 ALR 1383.

Royce Alvin Alexander was convicted of armed robbery, this being his second felony conviction. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John T. Hammond,* Prosecuting Attorney, and *Tat Parish,* Assistant Prosecuting Attorney, for the people.

*Thomas H. Adams, Jr.,* for defendant.

BEFORE: LEVIN, P. J., and HOLBROOK and DANHOF, JJ.

PER CURIAM. Defendant, Royce Alvin Alexander, was convicted of armed robbery charged as a second offense (MCLA §§ 750.529, 769.10 [Stat Ann 1954 Rev §§ 28.797, 28.1082]) and was sentenced to serve a 25- to 40-year term of imprisonment.

At the trial evidence was introduced that the defendant entered a gas station, pointed a gun at the attendant and instructed the attendant to put money in a bag which the defendant had placed on the counter. This the attendant did. The defendant then asked for the attendant's wallet. In removing the wallet, the attendant was also able to remove a gun from his pocket and shoot the defendant. The defendant fled without touching the money and was apprehended several hours later at a hospital.

On this appeal the defendant contends that robbery is larceny committed by violence or putting the victim in fear (*Rutkowski* v. *United States* [CA 6, 1945], 149 F2d 481) and that a necessary element of larceny, an asportation, is lacking in this case because the defendant never touched the bag or the money the attendant put in the bag.

It is well established that the asportation need not be effectuated by the perpetrator of the crime. It may be accomplished by a confederate[1] or an innocent agent.[2] In the case of the innocent agent, the asportation is imputed to the defendant because he directed and controlled the innocent agent's actions.

Any movement of the goods is sufficient to constitute an asportation.[3] The question before us is whether a movement of the goods by the victim under the direction of the defendant should be imputed to the defendant so as to supply the necessary asportation.

Clearly the gas station attendant acted under compulsion when he put money in the bag. He was, like an agent, acting at the defendant's direction.

The function of the asportation requirement is to demonstrate that the offense has passed the attempt stage and is now a completed larceny. The problem with which we are faced cannot ordinarily arise where the offense charged is larceny since larceny is rarely accomplished in the presence of the victim. Indeed, if the victim is present the offense is usually robbery. Since the function of the asportation element is to demonstrate that the crime being committed has passed the attempt stage— that the defendant has committed the requisite criminal act—we see no reason why a movement of the goods by the victim at the direction of the defendant should not be deemed an asportation. There is no need to

---

[1] *People* v. *Hogan* (1967), 9 Mich App 78; *People* v. *Becker* (1940), 295 Mich 175; *People* v. *Knoll* (1932), 258 Mich 89; *People* v. *Rubel* (1922), 221 Mich 142.

[2] *State* v. *Rozeboom* (1910), 145 Iowa 620 (124 NW 783); *State* v. *Booker* (1959), 250 NC 272 (108 SE2d 426); *Farris* v. *State* (1909), 55 Tex Crim 481 (117 SW 798); *Doss* v. *State* (1886); 21 Tex App 505 (2 SW 814); Anno: What amounts to asportation which will support charge of larceny, 19 ALR 724, 725; 144 ALR 1383, 1384; 2 Wharton's Criminal Law & Procedure, §§ 464, 481.

[3] *People* v. *Anderson* (1967), 7 Mich App 513.

defer until some later stage of the taking (*e.g.,* until the defendant has physically assumed actual dominion of the property) the characterization of his conduct as larcenous. Accordingly, we hold that the gas station attendant's action in placing the money in the bag supplied the necessary asportation[4] even though the defendant never reduced the money to physical possession.

The other questions raised by the defendant are not of sufficient merit to require discussion.

Affirmed.

---

[4] *People* v. *Quinn* (1947), 77 Cal App 2d 734 (176 P2d 404).