# Syllabus

Chief Justice:
Stephen J. Markman

Justices:
Robert P. Young, Jr.
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

PEOPLE v BARRERA

Docket No. 151282. Decided April 4, 2017.

John J. Barrera was charged in the Saginaw Circuit Court with two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b, and two counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c, for sexually assaulting his wife's granddaughter. Defendant pleaded no contest as a fourth-offense habitual offender, MCL 769.12, to two counts of CSC-II and two counts of third-degree criminal sexual conduct (CSC-III), MCL 750.520d. At sentencing, defendant objected to the scoring of several Offense Variables (OVs). The court, James T. Borchard, J., overruled all of defense counsel's objections to the scoring of the OVs except for the objection to the score for OV 12. Specifically, over defense counsel's objection, the court scored OV 8, MCL 777.38, at 15 points because defendant asported the victim to a place of greater danger during his commission of the crimes—that is, defendant took the victim to his bedroom where he sexually assaulted her. Defendant sought delayed leave to appeal in the Court of Appeals. In an unpublished order entered on January 21, 2015, the Court of Appeals, WILDER, P.J., and MURRAY and RIORDAN, JJ., denied for lack of merit defendant's delayed application for leave to appeal. Defendant then sought leave to appeal in the Supreme Court.

In a unanimous per curiam opinion, the Supreme Court, in lieu of granting leave to appeal and without hearing oral argument, *held*:

On appeal in this case, defendant only challenged the scoring of OVs 8 and 11. Under OV 8, asportation occurs when a victim is carried away or removed from one place to another place of greater danger or to a situation of greater danger. There is no "incidental movement" exception to the meaning of asportation for purposes of scoring OV 8. OV 8 is correctly scored at 15 points whenever a victim is moved to a place or a situation of greater danger regardless of whether the movement was incidental to the commission of the sentencing offense. The Court of Appeals improperly relied on caselaw involving kidnapping when defining "asportation" as used in OV 8. The incidental-movement exception to the plain-meaning definition of "asportation" arose in the kidnapping context to prevent the possibility that defendants would be unconstitutionally overcharged when their crimes involved some movement of the victim or some confinement of the victim that was merely incidental to a lesser underlying crime. The same concerns do not apply when scoring OV 8. Therefore, the Court of Appeals should have used the plain meaning of the term. For purposes of OV 8, a victim is asported whenever he or she is carried away or removed to another place of greater danger or to a situation of greater

danger.  The movement need not be greater than necessary to commit the sentencing offense, and the movement may be incidental to commission of the offense.  Prior cases, including *People v Thompson*, 488 Mich 888 (2010), and *People v Spanke*, 254 Mich App 642 (2003), are overruled to the extent they suggested a contrary interpretation of OV 8.  Notwithstanding the accuracy of defendant's OV 8 score, defendant's sentences were vacated and the case was remanded for resentencing because there was an undisputed error involved in scoring OV 11.

Remanded to the trial court for resentencing.

©2017 State of Michigan

# OPINION

Chief Justice:
Stephen J. Markman

Justices:
Robert P. Young, Jr.
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

FILED April 4, 2017

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

No. 151282

JOHN JOSEPH BARRERA,

        Defendant-Appellant.

BEFORE THE ENTIRE BENCH

PER CURIAM.

In this case, we address the proper reading of MCL 777.38, which is Offense Variable (OV) 8. OV 8 states that 15 points are to be assessed when "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." MCL 777.38(1)(a). The statute does not define "asported."

In order to define "asportation" as used in MCL 777.38, the Court of Appeals in *People v Spanke*, 254 Mich App 642, 647; 658 NW2d 504 (2003), borrowed from one of its previous opinions, which in turn relied on prior decisions of this Court interpreting the meaning of "asportation" in the context of the term's use as a judicially required element of the crime of kidnapping by forcible confinement or imprisonment. *People v Green*, 228 Mich App 684, 696-697; 580 NW2d 444 (1998), citing *People v Barker*, 411 Mich 291, 299-302; 307 NW2d 61 (1981); see also *People v Adams*, 389 Mich 222, 236; 205 NW2d 415 (1973). Relying on this authority, the *Spanke* Court concluded that asportation—as an element of kidnapping—required that "there must be some movement of the victim taken in furtherance of the kidnapping that is not merely incidental to the commission of another underlying lesser or coequal crime." *Spanke*, 254 Mich App at 647. Subsequently, this Court and the Court of Appeals have sometimes interpreted this quoted language from *Spanke* as effectively creating an "incidental movement" exception to OV 8, such that asportation does not occur if the movement is incidental to commission of the *offense* for which OV 8 is being scored. See, e.g., *People v Thompson*, 488 Mich 888 (2010); *People v Dillard*, 303 Mich App 372, 379; 845 NW2d 518 (2013); *People v McCreary*, unpublished per curiam opinion of the Court of Appeals, issued November 8, 2016 (Docket No. 328373), p 4 (asserting that asportation cannot be incidental to committing the underlying offense; instead, it "must facilitate the crime for which the defendant was convicted").

To the extent that *Thompson* and *Spanke* have been interpreted to have created an incidental-movement exception to OV 8, we hold that they were wrongly decided and we therefore overrule them. We further conclude that "asported" as used in OV 8 should be

2

defined according to its plain meaning, rather than by reference to our kidnapping jurisprudence. Under the plain meaning of the term "asportation," movement of a victim that is incidental to the commission of a crime nonetheless qualifies as asportation. Accordingly, the trial court in this case correctly scored OV 8 at 15 points.[1]

## I. FACTS AND PROCEDURAL HISTORY

Defendant was charged with two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b, and two counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c, related to sexual assaults he perpetrated on his wife's granddaughter. Defendant entered into a plea deal under which he pleaded no contest as a fourth-offense habitual offender to the two CSC-II counts and to two added counts of third-degree criminal sexual conduct (CSC-III), MCL 750.520d.

At sentencing, defendant's trial counsel objected to the scoring of OVs 3, 4, 8, 11, and 12.[2] With respect to OV 8, defendant's counsel insisted that there was no asportation shown in the case. The prosecution responded that the victim was taken into defendant's bedroom, which was a sufficient showing of asportation to merit assessing points for OV 8. The trial court agreed with the prosecution and scored OV 8 at 15 points. The Court of Appeals denied leave to appeal for lack of merit. We directed the Saginaw County

---

[1] But because the parties have agreed there was an error in the scoring of OV 11, we conclude that defendant is entitled to resentencing in accordance with the parties' agreement. In lieu of granting leave to appeal, we vacate defendant's sentences and remand this case to the Saginaw Circuit Court for resentencing.

[2] The trial court overruled all of counsel's objections except for defendant's challenge to the scoring of OV 12, which it sustained. Defendant challenges only the scoring of OVs 8 and 11 in this Court.

3

Prosecutor to respond to defendant's application and specifically to address whether, under *Thompson* and *Spanke,* the trial court erred by scoring OV 8 at 15 points when the movement was incidental to the offense of CSC-II. *People v Barrera*, 885 NW2d 295 (2016).

## II. ANALYSIS

This case presents a question of statutory interpretation, which we review de novo. *Krusac v Covenant Med Ctr, Inc*, 497 Mich 251, 255; 865 NW2d 908 (2015). When a statutory term is undefined, we give it its plain and ordinary meaning unless it is a term of art. See *In re Bradley Estate*, 494 Mich 367, 377; 835 NW2d 545 (2013). But terms that " 'have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.' " *Id*., quoting MCL 8.3a.

The term "asportation" has a long history in the larceny context. At common law, the elements of larceny included

> "(1) an actual or constructive taking of goods or property, (2) a carrying away or asportation, (3) the carrying away must be with a felonious intent, (4) the subject matter must be the goods or personal property of another, (5) the taking must be without the consent and against the will of the owner." [*People v Cain*, 238 Mich App 95, 120; 605 NW2d 28 (1999), quoting *People v Anderson*, 7 Mich App 513, 516; 152 NW2d 40 (1967).]

In that context, the Court of Appeals has long recognized that "[a]ny movement of the goods is sufficient to constitute an asportation." *People v Alexander*, 17 Mich App 30, 32; 169 NW2d 190 (1969). This broad understanding of asportation includes a movement of goods by a victim at the defendant's direction. *Id*. at 32-33. And this

4

understanding is consistent with the legal-dictionary definition of "asportation," which defines the term as "the act of carrying away or removing (property or a person)." *Black's Law Dictionary* (7th ed).

The term "asportation" also has a long history in the kidnapping context. See, e.g., *Adams*, 389 Mich at 230-235 (summarizing the history of asportation in the kidnapping context). In *Adams*, however, this Court departed from the common understanding of the word. This departure was rooted in the fact that *Adams* did not seek to *define* the word "asportation"; rather, it limited the plain meaning of the word (which it implicitly recognized as including "any movement at all," *id*. at 232) to ensure that the asportation element of the crime was not overly broad. *Id*. at 230-238. For the following reasons, we conclude that application of the plain meaning of the word "asportation" is the better approach in this case because there is no reason to conclude that the Legislature intended to import to OV 8 the judicial limitations on the meaning of that term as found in our kidnapping jurisprudence.[3]

It is important to understand first how inapt our kidnapping jurisprudence (and its discussion of asportation) is to the instant context. In *Adams*, this Court held that part of our kidnapping statute "is so broad that it requires the interpolation of the historical concept of asportation to render it constitutional . . . ." *Id*. at 230. We noted that "[i]t is obvious that virtually any assault, any battery, any rape, or any robbery involves some 'intentional confinement' " of the victim, and as a consequence "[t]o read the kidnapping

---

[3] Indeed, OV 8 specifically states that it is not to be scored when the conviction being scored is kidnapping. MCL 777.38(2)(b).

statute literally is to convert a misdemeanor, for example, assault and battery, into a capital offense." *Id*. at 232-233 (quotation marks and citation omitted). The entirety of our analysis of what constituted asportation was therefore done in the shadow of and in response to our observation that failing to add an asportation requirement would unconstitutionally allow prosecutors to charge defendants committing lesser offenses with kidnapping. *Id*. at 232-233, citing *People v Adams*, 34 Mich App 546, 560; 192 NW2d 19 (1971). But, the Court explained, even with an asportation requirement incorporated, a person could be improperly convicted of kidnapping if asportation was given its broadest meaning. *Adams*, 389 Mich at 230-238. To avoid that result, we held that to qualify as asportation sufficient to sustain a conviction for kidnapping, the movement of the victim "must not be merely incidental to the commission of a lesser underlying crime, i.e., it must be incidental to the commission of the kidnapping." *Id*. at 236. In other words, the *Adams* Court not only read an asportation requirement into our kidnapping statute, it also limited the plain meaning of asportation to avoid potential constitutional problems.

The concerns expressed in *Adams* do not apply here. There is no concern that OV 8 is constitutionally deficient, and applying a plain language definition of "asportation" does not present the concern we faced in *Adams* that defendants committing lesser offenses could be overcharged with kidnapping. Accordingly, we decline to export the judicially crafted understanding of asportation from our kidnapping jurisprudence and import it to the unrelated context of interpreting OV 8.

Moreover, even were we to deem it appropriate to import into our understanding of OV 8 the narrow reading of asportation from our kidnapping jurisprudence, the

6

"incidental movement" exception is an almost unrecognizable distortion of that reading. The rule in *Adams* was that the movement of the victim "must not be merely incidental to *the commission of a lesser underlying crime . . . .*" *Id*. (emphasis added). In the guidelines-scoring context, there is no "lesser underlying crime" with which to be concerned; rather, the guidelines are scored for the sentencing offense. *People v McGraw*, 484 Mich 120, 129; 771 NW2d 655 (2009) ("[O]ffense variables are scored by reference only to the sentencing offense, except where specifically provided otherwise."). Therefore, all of the bases for limiting the meaning of asportation, as well as the applicability of the limitation itself to this context, collapse on their own terms.

A plain reading of asportation is this: If a victim is carried away or removed "to another place of greater danger or to a situation of greater danger," MCL 777.38(1)(a), the statutory language is satisfied. Nothing in the statute requires that the movement be greater than necessary to commit the sentencing offense, and we see no other basis for reading the statute as excluding the movement of a victim that is only incidental to that offense. See *People v Hardy*, 494 Mich 430, 442; 835 NW2d 340 (2013) ("[A]bsent an express prohibition, courts may consider conduct inherent in a crime when scoring offense variables.").

## III. APPLICATION

The trial court concluded that defendant's asportation of the victim was sufficient to score OV 8 at 15 points because defendant took the victim from the living room into his bedroom in order to sexually assault her. From those facts, the trial court could reasonably determine by a preponderance of the evidence that the victim was "removed"

7

to a location where the sexual assault was less likely to be discovered, which rendered the location a "place of greater danger" or "a situation of greater danger." Given that determination and because such movement, whether incidental to the offense or meaningfully deliberate, may suffice to assess points for OV 8, OV 8 was properly scored at 15 points. See *People v Chelmicki*, 305 Mich App 58, 70-71; 850 NW2d 612 (2014) (stating that "[a] victim is asported to a place or situation involving greater danger when moved away from the presence or observation of others"), citing *People v Steele*, 283 Mich App 472, 491; 769 NW2d 256 (2009).

## IV. CONCLUSION

We hold that movement of a victim that is incidental to the commission of a crime nonetheless qualifies as asportation under OV 8. Therefore, we overrule *Thompson* and *Spanke* to the extent that they stand for the contrary proposition, and we conclude that the trial court properly scored OV 8 at 15 points. Finally, in light of the trial court's undisputed error in scoring OV 11, we remand this case to the Saginaw Circuit Court for further proceedings consistent with this opinion.

Stephen J. Markman
Robert P. Young, Jr.
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

8