# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

AISHIA JAMILA KHAN,

        Defendant-Appellant.

UNPUBLISHED
March 27, 2018

No. 334945
Wayne Circuit Court
LC No. 16-001668-01-FH

Before: K. F. KELLY, P.J., and MURPHY and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right her bench trial conviction of second-degree home invasion, MCL 750.110a(3). She was sentenced to two years' probation. We affirm.

Defendant first argues that she was denied a fair trial and her constitutional right to present a defense when the trial court took a guilty plea from her codefendant, Abdul Khan (Abdul), in the middle of the joint bench trial for defendant and Abdul. We disagree.

A defendant must present his or her constitutional claims in the trial court in order to preserve such claims for appellate review. *People v King*, 297 Mich App 465, 472; 824 NW2d 258 (2012). Defendant did not present in the trial court the constitutional claims that she asserts on appeal. Therefore, this issue is unpreserved for review. *Id.* The *King* panel explained:

> Appellate review of unpreserved constitutional claims is for plain error affecting the defendant's substantial rights. This requires the defendant to show that the plain error affected the outcome of the proceedings. Moreover, reversal is warranted only if the error resulted in the conviction of an innocent defendant or seriously affected the fairness, integrity, or public reputation of the judicial proceedings regardless of the guilt or innocence of the accused. [*Id.* at 472-473 (citations omitted).]

"Every defendant has a due process right to a fair trial, which includes the right to be presumed innocent." *People v Rose*, 289 Mich App 499, 517; 808 NW2d 301 (2010). The presumption of innocence requires that a defendant's guilt be determined solely on the basis of evidence presented at trial rather than on the basis of circumstances not adduced as proof at trial. *Id.* In addition, a defendant has a constitutional right to present a defense, *People v Unger*, 278 Mich App 210, 249-250; 749 NW2d 272 (2008), which includes the right to call witnesses,

-1-

*People v Yost*, 278 Mich App 341, 379; 749 NW2d 753 (2008). The right to present a defense is not absolute but extends only to relevant and admissible evidence; a defendant must follow established procedural and evidentiary rules designed to assure fairness and reliability in determining guilt and innocence. *People v Solloway*, 316 Mich App 174, 198; 891 NW2d 255 (2016).

Defendant claims that she was deprived of these constitutional rights when the trial court took a guilty plea from Abdul before the bench trial ended. When the guilty plea was entered, all that was left for purposes of the bench trial was the presentation of closing arguments. Defendant contends that she and her attorney were not present at Abdul's plea hearing and that defendant was thus deprived of an opportunity to object or rebut Abdul's statements. Defendant suggests that the prosecutor's closing argument improperly referenced statements of Abdul as being credible and that Abdul's statements at the plea hearing likely affected the outcome of defendant's bench trial. Defendant argues that a different trial judge should have taken Abdul's plea or that defendant should have been granted a new trial before a different trial judge. We disagree with defendant's arguments.[1]

The central premise of defendant's argument is that Abdul's statements at the plea hearing affected the outcome of defendant's bench trial. The record is devoid of any support for this contention. "Unlike a jury, a judge is presumed to possess an understanding of the law, which allows [the judge] to understand the difference between admissible and inadmissible evidence or statements of counsel." *People v Wofford*, 196 Mich App 275, 282; 492 NW2d 747 (1992). The trial court's findings of fact and conclusions of law in defendant's bench trial did not refer to any statements made by Abdul at the plea hearing. Further, the prosecutor's closing argument referred to Abdul's trial testimony rather than to any of his statements at the plea hearing. Even if the prosecutor had referenced statements made at the plea hearing, the trial judge is presumed to have understood that she was required to decide the case on the basis of evidence properly admitted at trial rather than any improper statements by counsel. *Id*.

Defendant fails to identify a basis for requiring a different trial judge to have taken Abdul's plea or for granting defendant a new trial before a different trial judge. Defendant does not directly assert that the trial judge was biased, although the prosecutor treats defendant's argument as implicitly asserting bias. "A defendant claiming judicial bias must overcome a heavy presumption of judicial impartiality." *People v Jackson*, 292 Mich App 583, 598; 808 NW2d 541 (2011) (quotation marks and citation omitted). "Judicial rulings, as well as a judge's opinions formed during the trial process, are not themselves valid grounds for alleging bias unless there is a deep-seated favoritism or antagonism such that the exercise of fair judgment is impossible." *Id*. (quotation marks and citation omitted). Defendant identifies no evidence of bias to overcome the presumption of judicial impartiality. Again, the trial judge is presumed to have understood that she was required to decide the case solely on the basis of the evidence properly admitted at trial and not on the basis of any statements made by Abdul at his plea

---

[1] Before trial, defendant agreed to the joinder of her case and Abdul's case for trial and declined to request a separate trier of fact.

hearing, and there is nothing in the trial court's decision or in the record overall to rebut this presumption. Defendant's constitutional claims thus lack merit.

Defendant next argues that the prosecutor presented insufficient evidence to support defendant's conviction of second-degree home invasion. We disagree. In *People v Kanaan*, 278 Mich App 594, 618-619; 751 NW2d 57 (2008), this Court observed:

> We review claims of insufficient evidence de novo. When ascertaining whether sufficient evidence was presented in a bench trial to support a conviction, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses. Circumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime. All conflicts in the evidence must be resolved in favor of the prosecution. [Citations omitted.]

"[B]ecause it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented." *Id*. at 622.

MCL 750.110a(3), the statutory provision for second-degree home invasion, provides:

> A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the second degree.

"Second-degree home invasion requires proof that the defendant entered a dwelling by breaking or without the permission of any person in ownership or lawful possession or control of the dwelling and did so with the intent to commit a felony, larceny, or assault therein or committed a felony, larceny, or assault while entering, present in, or exiting the dwelling." *People v Dunigan*, 299 Mich App 579, 582; 831 NW2d 243 (2013). "[A]ny amount of force used to open a door or window to enter the building, no matter how slight, is sufficient to constitute a breaking." *People v Toole*, 227 Mich App 656, 659; 576 NW2d 441 (1998). A larceny consists of "(a) a trespassory taking and (b) the carrying away (c) of the personal property (d) of another (e) with intent to steal that property." *People v March*, 499 Mich 389, 401; 886 NW2d 396 (2016). It is recognized that " 'any movement of the goods is sufficient to constitute an asportation.' " *People v Barrera*, 500 Mich 14, 19; 892 NW2d 789 (2017), quoting *People v Alexander*, 17 Mich App 30, 32; 169 NW2d 190 (1969) (brackets omitted).

In addition, to support a conviction under an aiding and abetting theory, the prosecutor must present evidence that

(1) the crime charged was committed by the defendant or some other person, (2) the defendant performed acts or gave encouragement that assisted the commission of the crime, and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement. [*People v Carines*, 460 Mich 750, 768; 597 NW2d 130 (1999) (citation omitted).]

An aider and abettor's state of mind can be inferred from the surrounding facts and circumstances. *Id*. at 757-758.

The prosecutor presented sufficient evidence to support defendant's conviction of second-degree home invasion. This case arose out of defendant's breaking and entering of a house owned by her grandmother, Jamila Khan (Jamila), while Jamila was away visiting relatives in Texas. Jamila's testimony indicated that defendant was not living at Jamila's house on the date of the incident and that Jamila had not given permission to defendant or Abdul to enter Jamila's house. Jamila testified that she had recently changed the locks of the house and did not give defendant a key after changing the locks. Jamila knew that defendant had previously entered the house through the kitchen window; therefore, before leaving for Texas, Jamila locked the kitchen window as best she could and put a strip of wood behind the window. While Jamila was in Texas, defendant parked her car approximately a block away from Jamila's house, and defendant and Abdul then entered Jamila's house without permission. Defendant and Abdul admitted that Abdul removed a screen from the kitchen window and that defendant then entered the house through the window and opened the door for Abdul to enter. Defendant claimed that the screen merely popped out without the use of tools, but police found fresh pry marks on the window and tools inside the house that appeared to have made the pry marks. Police responded to a call from a neighbor and saw defendant and Abdul come out the front door of the house. When Jamila returned home from Texas, she saw that her kitchen window was broken[2] and that there were blankets and clothes lying all over the floor of the house. When Jamila had left for Texas, the house was clean and the kitchen window was locked rather than broken. In addition, some of Jamila's clothes that she had left in the house were missing when she returned from Texas. Abdul and defendant admitted that Abdul picked up and moved a television set inside the house. Abdul intended to take the television set out of the house but did not ultimately do so. Defendant claimed that the television set belonged to her; Jamila's testimony indicated that her daughters had bought the television set and had given it to defendant, but Jamila also indicated that the television set belonged to Jamila or her daughters and that Jamila would not have allowed defendant to take the television set from the house.

The evidence summarized above establishes that defendant entered Jamila's house without permission. The evidence of fresh pry marks and of tools used to remove the window screen indicates that a breaking occurred to facilitate the entry. Although defendant claimed that she was entering the house to recover her own personal belongings, Jamila testified that some of her clothes were missing when she returned home from Texas. Police officers did not see

---

[2] In stating that the window was broken, it appears that Jamila was referring to the window screen as opposed to the glass of the window.

defendant and Abdul carrying away any items when they came out of the house, other than defendant's purse, but defendant could have worn Jamila's clothes under defendant's clothes or removed the clothes from the house before the police arrived; in any event, Jamila found some clothes and blankets on the floor of the house when she returned from Texas, and any movement of goods is sufficient to constitute asportation. *Barrera*, 500 Mich at 19; *Alexander*, 17 Mich App at 32. Further, Abdul moved the television set within the house, and Jamila's testimony could be read to assert ownership of the television set.[3] Given that the police arrived outside the house while defendant and Abdul were still inside the house, it is reasonable to infer that defendant and Abdul left some items they were intending to take inside the house once they saw that the police had arrived. Defendant's act of parking her car a block away from Jamila's house also suggests that she was seeking to avoid detection, which is inconsistent with defendant's claim that she was entitled to enter the house. Attempts to conceal involvement in a crime are probative of consciousness of guilt. See *People v Kowalski*, 489 Mich 488, 509 n 37; 803 NW2d 200 (2011). Overall, the evidence was sufficient to establish that defendant broke and entered into Jamila's house without permission and with the intent to commit a larceny, and that defendant committed or aided and abetted in the commission of a larceny while present in the house.

Defendant's argument is primarily focused on challenging Jamila's credibility and asserting that defendant's version of events should be believed instead. The trial court, however, found that Jamila was sincere in her testimony and that defendant was not a credible witness. This Court may not interfere with the trier of fact's determinations regarding the credibility of witnesses. *Kanaan*, 278 Mich App at 619. Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence for the trial court to find beyond a reasonable doubt that the elements of second-degree home invasion were proven.

Defendant next argues that she was denied the effective assistance of counsel. We disagree.

"[A] defendant must move in the trial court for a new trial or an evidentiary hearing to preserve the defendant's claim that his or her counsel was ineffective." *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Defendant did not move in the trial court for a new trial or an evidentiary hearing on this issue. Therefore, the argument is unpreserved.

Whether a defendant was deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. *Id*. Any findings of fact are reviewed for clear error, while the legal questions are reviewed de novo. *Id*. Because defendant did not move in the trial court for a new trial or an evidentiary hearing, this Court's review is limited to mistakes that are apparent from the record. *Id*.

---

[3] But even if Jamila's testimony regarding the television set was too confusing to establish her ownership of it, the evidence concerning the movement of Jamila's clothes is sufficient to establish that defendant intended to commit a larceny or aided and abetted in the commission of a larceny.

In *People v Carbin,* 463 Mich 590, 599-600; 623 NW2d 884 (2001), our Supreme Court, addressing the basic principles governing a claim of ineffective assistance of counsel, explained:

> To justify reversal under either the federal or state constitutions, a convicted defendant must satisfy the two-part test articulated by the United States Supreme Court in *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). See *People v Pickens,* 446 Mich 298, 302-303; 521 NW2d 797 (1994). "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not performing as the 'counsel' guaranteed by the Sixth Amendment." *Strickland, supra* at 687. In so doing, the defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. *Id.* at 690. "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. To demonstrate prejudice, the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim. See *People v Hoag,* 460 Mich 1, 6; 594 NW2d 57 (1999).

An attorney's performance is deficient if the representation falls below an objective standard of reasonableness. *People v Toma*, 462 Mich 281, 302; 613 NW2d 694 (2000).

Defendant claims that defense counsel was ineffective for failing to object to the trial court's taking of a guilty plea from Abdul without affording defendant an opportunity to object or to rebut the information provided by Abdul. Defendant contends that defense counsel was also ineffective for failing to object to the prosecutor's closing argument asserting that Abdul had made statements that were credible. Defendant claims that defense counsel should have asserted defendant's right to a fair trial and her constitutional right to present a defense. Defendant's argument lacks merit for the reasons discussed earlier. That is, no basis exists to conclude that defendant was convicted predicated on statements made by Abdul in his plea hearing. Once again, "[u]nlike a jury, a judge is presumed to possess an understanding of the law, which allows [the judge] to understand the difference between admissible and inadmissible evidence or statements of counsel." *Wofford*, 196 Mich App at 282. Also, the prosecutor's closing argument discussed Abdul's trial testimony rather than any statements made by Abdul at the plea hearing. Even if the prosecutor had referenced statements made at the plea hearing, the trial judge is presumed to have understood that she was required to decide the case on the basis of evidence properly admitted at trial rather than any improper statements by counsel. *Id.* Because no grounds existed to object to the taking of Abdul's plea or to the prosecutor's closing argument, or to make the constitutional arguments asserted by defendant on appeal, defense counsel was not ineffective for failing to make such objections or arguments. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel.").

Next, defendant asserts that defense counsel was ineffective for failing to object to or correct the trial court's apparent misunderstanding that a personal protection order (PPO) taken

out by defendant against Jamila, which showed defendant having a residence other than Jamila's house, was issued before the incident involved in this case, when in fact it was issued months later, as the prosecution concedes. Defendant fails to establish a reasonable probability of a different outcome but for defense counsel's failure to call attention to the trial court's mistake regarding when the PPO was issued. The trial court's finding that defendant lacked permission to enter Jamila's house was not premised solely on the PPO. The court found that Jamila was a sincere witness and noted Jamila's testimony that defendant lacked permission to enter Jamila's house. The trial court found that defendant was not a credible witness. The court referenced evidence that the kitchen window had been pried open. The court found that defendant knew she lacked permission to enter Jamila's house as evidenced by the fact that defendant gained access through the kitchen window rather than through a door using a key. The court also took note of defendant having parked her car a block away from Jamila's house in order to avoid detection. Therefore, to the extent that defense counsel's failure to object to or correct the trial court's misunderstanding regarding when the PPO was issued constituted deficient performance, defendant has failed to establish prejudice given the numerous other factors that led the trial court to find that defendant lacked permission to enter the house.

Defendant next asserts that defense counsel was ineffective for failing to call witnesses who would have corroborated defendant's claim that she still lived in Jamila's house and had personal property in the house. Defendant contends that defense counsel was also ineffective for failing to properly prepare defendant for her testimony. Defendant further claims that defense counsel failed to present documentation establishing that defendant had purchased items that were inside Jamila's house. Defendant appended to her appellate brief and to her motion to remand this case to the trial court for a *Ginther*[4] hearing an affidavit of defendant asserting: that defense counsel failed to prepare defendant for her testimony; that defense counsel failed to call witnesses to testify that defendant stayed in Jamila's house and had personal property items in the house at the time of the incident; and that defendant showed defense counsel documentation concerning defendant's personal property and her history of living in and out of Jamila's house.

Defendant fails to identify any witnesses who would have testified in favor of the defense and fails to present any offer of proof stating specifically what those witnesses would have said. Defendant also has failed to provide the purported documentation establishing that she purchased personal property items that were inside Jamila's house. Defendant has thus failed to establish the factual predicate for her claim that defense counsel was ineffective for failing to call such witnesses or to present such evidence. *Carbin*, 463 Mich at 600.

Moreover, "[d]ecisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy, and this Court will not substitute its judgment for that of counsel regarding matters of trial strategy." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). The failure to present certain evidence or to call a witness constitutes ineffective assistance of counsel only if it deprives the defendant of a substantial defense. *Dunigan*, 299 Mich App at 589. A defense is substantial if it might have made a difference in the outcome of the trial. *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68

---

[4] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

(2009). Because defendant fails to identify the purported witnesses that defense counsel did not call and to present an offer of proof concerning the substance of the potential testimony of any such witnesses, defendant has failed to establish that she was deprived of a defense that might have made a difference in the outcome. Defendant also fails to produce the alleged receipts or other documentation of her ownership of personal property items located inside Jamila's house. Nor does defendant produce the alleged documentation of her history of living in and out of Jamila's house. Defendant has not shown that she was deprived of a substantial defense by virtue of defense counsel's failure to present such evidence.

Defendant's bare assertion that defense counsel did not adequately prepare defendant for her trial testimony is wholly unsupported. Before defendant testified, defendant stated to the trial court that she was satisfied with defense counsel's advice regarding whether to testify. Defendant also does not explain how any different preparation would have altered her trial testimony. In sum, defendant fails to establish the factual predicate for her claim that defense counsel did not adequately prepare defendant for her trial testimony. *Carbin*, 463 Mich at 600.

Next, defendant asserts that defense counsel "failed to investigate or negotiate a reduced plea without a larceny intent." The record reflects that plea negotiations occurred in this case. The prosecutor offered a plea agreement to attempted second-degree home invasion with a sentence of probation, and defendant rejected this offer. There is no indication that the prosecutor would have been willing to offer a plea to a reduced charge that did not contain an intent to commit larceny. Nor is there any basis to conclude that defendant would have accepted any such plea offer given that she has maintained her innocence by claiming that she had permission to enter Jamila's house. Overall, there is no support for the contention that further plea negotiations would have resulted in a different outcome of the proceedings, i.e., a plea agreement to a lesser charge.

Finally, defendant contends that she is entitled to a remand for a *Ginther* hearing. This Court has already denied defendant's motion to remand the case for a *Ginther* hearing. *People v Khan*, unpublished order of the Court of Appeals, entered June 27, 2017 (Docket No. 334945). Defendant has presented no additional arguments for why a remand is needed that were not already considered by this Court when it denied defendant's motion to remand. We are not convinced "that defendant has demonstrated any issue for which further factual development would advance [her] claim." *Chapo*, 283 Mich App at 369, citing MCR 7.211(C)(1)(a).

Affirmed.

/s/ Kirsten Frank Kelly
/s/ William B. Murphy
/s/ Michael J. Riordan