*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

DEVIN JON NIEMI,

Defendant-Appellee.

FOR PUBLICATION
October 27, 2022
9:10 a.m.

No. 358676
Marquette Circuit Court
LC No. 21-060311-AR

Before: SHAPIRO, P.J., and GADOLA and YATES, JJ.

PER CURIAM.

In this interlocutory appeal, the prosecution appeals by leave granted[1] the circuit court's affirmance of the district court's decision to not bind defendant over on a charge of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b) (sexual penetration committed by a person 17 years of age or older against a person under the age of 13), and one count of use of a computer to commit a felony, MCL 752.797(3)(f). For the reasons stated in this opinion, we affirm.

## I. BACKGROUND

Defendant met the minor complainant, LM, through the online dating application Tinder. LM's Tinder profile indicated that she was 20 years old, but she was actually 12 years old at the time.[2] After LM and defendant connected through Tinder, they began communicating through a different online application, Snapchat, in which users can send and receive temporary messages and videos. LM and defendant engaged in "sexting," which involved LM sending naked pictures of herself to defendant as well as lewd videos. LM testified at the preliminary examination that

---

[1] *People v Niemi*, unpublished order of the Court of Appeals, entered January 18, 2022 (Docket No. 358676).

[2] Defendant's age is not contained in the record, but he asserts in his appellee brief that he was about 20 years old when communicating with LM.

defendant would ask her to send pictures and videos of herself, but that she also sent him unsolicited ones. LM and defendant never talked on the phone, and they never met in person.

LM testified that if she did not perform certain sexual acts at defendant's request, then he would impose consequences for her, such as telling her to spank herself. On another occasion, defendant told LM to stuff her panties inside her vagina. LM filmed herself putting her underwear into her vagina and sent the video to defendant. LM testified that this occurred after she had disclosed her true age to defendant, which she did toward the end of their communications. LM also sent defendant a video of her inserting a hair brush into her vagina, but it is unclear from the record whether she did so at defendant's request.

Defendant was charged and bound over on multiple counts of child sexually abusive activity and computer-crime offenses. This appeal concerns only the CSC-I charge and the accompanying charge of use of a computer to commit a felony.

At the preliminary examination, the prosecution argued that defendant's instructions to LM to penetrate herself were sufficient to support the CSC-I charge. The prosecution contended that a defendant can be guilty of CSC-I predicated on penetration even if the defendant did not physically penetrate the victim under this Court's holding in *People v Hack*, 219 Mich App 299; 556 NW2d 187 (1996). Defendant argued that he did not engage in any sexual act with LM that involved penetration, and that *Hack* was distinguishable because in that case the defendant forced a child to perform fellatio on another child while in the defendant's presence.

The district court declined to bind defendant over on the CSC-I charge, agreeing with defendant that *Hack* was distinguishable. The district court reasoned that LM penetrated herself and defendant was not in her presence when she did so. Accordingly, the district court also declined to bind defendant on the derivative computer-crime charge. The prosecution appealed the district court's decision to the circuit court. After hearing oral argument, the circuit court affirmed the district court's ruling.

## II. DISCUSSION

The prosecution argues that the lower courts erred by declining to bind defendant over on the CSC-I charge and the accompanying computer-crime charge. We disagree.[3]

"A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and . . . [t]hat other person is under 13 years of age." MCL

---

[3] To bind a defendant over for trial, "the prosecutor must establish probable cause, which requires a quantum of evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt on each element of the crime charged." *People v Yamat*, 475 Mich 49, 52; 714 NW2d 335 (2006) (quotation marks and citations omitted). "A district court's decision to bind over a defendant is generally reviewed for an abuse of discretion. To the extent the lower court's ruling is based on questions of law, however, it is reviewed de novo." *People v Hall*, 499 Mich 446, 451-452; 884 NW2d 561 (2016).

750.520b(1)(a). The language of MCL 750.520b(1)(a) establishes that CSC-I involves at least two people: (1) a person who engages in sexual penetration and (2) the "other person" who is sexually penetrated. "Sexual penetration" is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body[.]" MCL 750.520a(r).

The prosecution seeks to convict defendant of CSC-I on the basis of the innocent-agent doctrine. We construe MCL 750.520b(1)(a) in light of this common-law doctrine because the Legislature did not demonstrate an intent to abrogate or modify the common law by enacting this statute. See *People v Mullins*, 322 Mich App 151, 163; 911 NW2d 201 (2017). As we have explained,

> under this doctrine, when a defendant uses an innocent person to accomplish a crime on the defendant's behalf, the defendant is guilty of the crime as a principal, rather than under any of the accomplice-liability theories. See *People v Hack*, 219 Mich App 299, 303; 556 NW2d 187 (1996) (opinion by SAWYER, P.J.). Under the doctrine, the innocent agent is not the one who actually commits the offense, but is a mere "instrumentality" through whom the defendant commits the offense. *Id*.; see also *People v Fisher*, 32 Mich App 28, 33; 188 NW2d 75 (1971) (noting that in a larceny case the asportation element need not be effectuated by the perpetrator of the crime, but may be accomplished by an innocent agent). [*Mullins*, 322 Mich App 163-164.]

See also *People v Alexander*, 17 Mich App 30, 32; 169 NW2d 190 (1969) (explaining that the innocent-agent doctrine applies when the defendant "directed and controlled the innocent agent's actions.").

The prosecution primarily relies on this Court's decision in *Hack*, 219 Mich App 299. In that case, the 17-year-old defendant and some of his friends forced a three-year-old girl to perform fellatio on a one-year-old while they videotaped the two children. *Id*. at 302. The defendant was convicted, in part, of four counts of CSC-I. *Id*. On appeal, the defendant argued that he could only be considered as an aider and abettor of CSC-I because it was the two children who engaged in sexual penetration. And because the children were under the age of seven, they could not be a principal, and absent a guilty principal, the defendant could not be guilty as an aider and abettor. *Id*. This Court disagreed, concluding that the defendant was guilty as a principal. *Id*. at 303. We explained as follows:

> Under MCL 750.520b(1)(a) . . . , a person is guilty of first-degree criminal sexual conduct if the person engages in sexual penetration with another person and the victim is under the age of thirteen. Defendant did so here, namely, by causing the three-year-old girl to perform fellatio on the one-year-old boy. Where a defendant uses another person to accomplish a crime on his behalf, he is guilty as a principal:
>
> > If *D* coerces *X* to commit a theft by threatening *X*'s life, *X* will be acquitted of larceny on the ground of duress. Today, and according to common law principles, *D* may be convicted of larceny. *X* was *D*'s innocent instrumentality. Therefore, at common law, D was the

principal in the first degree of the offense. Conceptually, *D*'s guilt is not founded on accomplice-liability principles. Instead, *D* is directly liable for committing the crime through the instrumentality; *D*'s guilt is not derived from another culpable person. *X*'s acquittal, therefore, presents no bar to the conviction of the only culpable party. [Dressler, Understanding Criminal Law, 2nd ed, § 30.06(B)(1), p 446.]

Likewise in the case at bar, defendant's culpability is direct, not derivative. His guilt is not dependent . . . on whether the minor child can be considered criminally culpable. Rather, each child is merely the instrumentality by which defendant was able to achieve a sexual penetration (fellatio).

* * *

. . . Defendant is not guilty because he aided and abetted one child in committing a sexual penetration with the other, but as a principal for using one child as the instrumentality to perform a sexual penetration with the other. The fact that the children, due to their age, lack mens rea is of no moment to the case at hand. [*Hack*, 219 Mich App at 303-304.]

See also *Mullins*, 322 Mich App at 164-165 (holding that under the innocent-agent doctrine, the defendant was properly convicted of making a false report of child abuse when the defendant had her daughter falsely report sexual abuse to a school teacher who then reported the abuse to the principal, who in turn reported the abuse to CPS).

Having reviewed the record and the relevant caselaw, we conclude that the lower courts did not commit reversible error by declining to bind defendant over on a charge of CSC-I. The facts of *Hack* are materially distinguishable from the events in this case. In *Hack*, the defendant used a third party, i.e., another child, to accomplish the criminal sexual penetration. Therefore, that case involved the penetration of one person by another person, as required by MCL 750.520b(1)(a). Here, the testimony showed that LM penetrated herself, at defendant's request, by putting her underwear into her vagina. Accordingly, in contrast to *Hack*, the element of MCL 750.520b(1)(a) that one person penetrate another is missing in this case.

The prosecution nonetheless argues that *Hack*'s holding applies here because LM should be considered an innocent agent whom defendant used to commit the sexual penetration. We decline to extend the innocent-agent doctrine to the facts of this case. LM testified that she never met defendant, so unlike *Hack*, defendant was not physically present with LM when she penetrated herself. Further, the evidence does not support the prosecution's contention that defendant coerced LM into penetrating herself. LM testified that defendant told her to stuff her panties in her vagina as a consequence for failing to do certain sexual acts. However, she did not testify that defendant threatened or otherwise coerced her into an act of self-penetration. Nor is there any evidence to indicate that defendant was communicating with LM and giving her instructions or encouragement at the very time she put the underwear in her vagina. The absence of any interaction between

defendant and LM at the time of the penetration militates against a conclusion that defendant engaged in sexual penetration with LM. For these reasons, we conclude that the facts of this case fall outside the purview of *Hack* and the innocent-agent doctrine.[4]

Affirmed.

/s/ Douglas B. Shapiro
/s/ Michael F. Gadola
/s/ Christopher P. Yates

---

[4] If the Legislature wishes for these types of situations to constitute CSC-I, it may amend MCL 750.520b to clearly express that intent.